

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RALPH BYRD,** | ) |
|  | ) |
|     **PLAINTIFF,** | ) |
| **V.** | ) |
|  | )   **CIVIL ACTION NUMBER:** |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | ) |
|  | ) |
|  | ) |
|     **DEFENDANT.** | ) |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Ralph Byrd ("Byrd"), for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

4. The Defendant, Portfolio Recovery Associates, LLC ("PRA"), is incorporated in Delaware, and was, in all respects and at all times relevant herein, doing business in Jefferson County, Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. The Defendant uses telephone communications in its business.

6. The principal purpose of the Defendant's business is the collection of debts.

7. The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. The Defendant is a debt collector subject to the provisions of the FDCPA.

9. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, the Defendant communicated with the Plaintiff in a manner which violated the FDCPA.

10. The alleged debt that the Defendant was seeking to collect from Plaintiff was for personal, household, or family uses.

11. On or about April 24, 2015, Plaintiff filed for Chapter 7 protection under the United States Bankruptcy Court (Case Number 15-01650-MAM7).

12. George Babakitis, Esq. represented Plaintiff in his bankruptcy case.

13. Plaintiff included a debt being actively collected by Defendant.

14. Defendant received notice of the bankruptcy proceedings, including the representation of Mr. Babakitis.

15. In or around August 2015, after Plaintiff filed his Chapter 7 bankruptcy petition, Defendant made several calls to Plaintiff in an attempt to collect the debt contained in the Plaintiff's bankruptcy petition.

16. At least on one occasion, the agent/employee of Defendant acknowledged the representation of Mr. Babakitis to Plaintiff.

17. The aforementioned actions were done willfully and knowingly.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

18. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

22. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO

**NEGLIGENT TRAINING AND SUPERVISION**

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

25. The Defendant knew or should have known that said conduct was improper.

26. The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

27. The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

28. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

**COUNT THREE**
**RECKLESS AND WANTON TRAINING AND SUPERVISION**

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

31. The Defendant knew or should have known that said conduct was improper.

32. The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

33. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

34. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, and mental anguish.

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands a judgment against the defendant as follows:

A.  Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.  Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C.  Actual damages for the Defendant's violations of the FDCPA;

D.  Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1692k;

E.  Compensatory and punitive damages against the Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

F.  Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ John C. Hubbard
JOHN C. HUBBARD (ASB-8252-H46H)
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com

4